## CONCELIA BORZILLO PACELLI
*vs.*
## SALVATORE PACELLI

Superior Court        New Haven County        File No. 63040

MEMORANDUM FILED APRIL 9, 1943.

*T. Holmes Bracken,* of New Haven, for the Plaintiff.

*Louis Feinmark,* of New Haven, for the Defendant.

BOOTH, J. The action is for divorce on the ground of intolerable cruelty. From the evidence it appeared that the parties intermarried on September 22, 1932. Each had previously been married to another spouse, who had deceased. The plaintiff has five children by her former marriage, and the defendant has two children by his former marriage. There is no issue of the present marriage. Upon the marriage of the plaintiff and the defendant, the plaintiff and two of her children took up their abode with that of the defendant and his two children. For nine years the plaintiff acted as a mother to the defendant's children and the defendant acted as a father to the plaintiff's children. During this period the plaintiff and the defendant had various arguments about household matters, including finances, matters of conducting the home and the bringing up of the children. None of these arguments resulted in physical violence by either party, but the defendant at times would, in anger, direct rude and vulgar remarks to the plaintiff. These remarks the plaintiff claims detrimentally affected her health and constituted intolerable cruelty on the part of the defendant. These claims, however, are found not to have been properly sustained by the evidence. While there was some non-expert testimony to the effect that the plaintiff's health had been impaired by three major operations that she had undergone, it was conceded that the defendant was in no way responsible for the condition which rendered these operations necessary. That the plaintiff was nervous was testified to by her and some of her lay witnesses. No medical testimony was offered as to the cause of such nervousness, however, and the court is not satisfied that it was in fact caused by any conduct on the part of the defendant. In order to justify the granting of a divorce on the ground of intolerable cruelty, it must appear that the acts complained of were of such a nature as to be intolerable and to amount to a practical annulling and repudiation of the marriage covenant. *Morehouse vs. Morehouse*, 70 Conn. 420; *McEvoy vs. McEvoy*, 99 id. 427.

In the present case it appeared that despite certain differences in viewpoint, the parties were reasonably happy together and that while some of the language used by the defendant toward the plaintiff may have offended her sense of propriety, it obviously was not intolerable, nor did it amount to a practical annulling and repudiation of the marriage covenant. The

claim of the plaintiff that in addition to the defendant's rude and vulgar language, he directed threats and imprecations against her and members of her family, is found not to have been established. It is also found that the occasions upon which the defendant offended the plaintiff by his language were not particularly numerous and were evidently not so serious in effect during the five years over which they extended as to cause the plaintiff even to suggest a separation before June 16, 1941. Indeed, it seems reasonable to infer from all the evidence that the conduct of the defendant amounted to no more than mere faults of temper and of manner, which conduct is a far cry from that constituting intolerable cruelty. In short, it is found that the plaintiff has failed to establish by a fair preponderance of the evidence that "the defendant on divers days between 1936 and the date of this writ has been guilty of intolerable cruelty to the petitioner."

In view of the foregoing, judgment may enter dismissing the plaintiff's petition.